_JjCOOKS, J.
MOTION TO DISMISS
The appellee in these consolidated appeals, Duane Richard Smith, seeks to dismiss the above captioned appeals as untimely. We agree and dismiss the appeals.
On March 19, 1993 Duane Richard Smith filed a petition for divorce as well as other ancillary matters in the 27th Judicial District Court. On March 24th 1993 his wife Brenda Fall Smith filed her petition for divorce and other ancillary matters in the 27th Judicial District Court. The two matters were consolidated by the trial court. On October 15, 1993, this trial court rendered judgment granting a divorce as well as awarding joint custody of the children to both parties. On August 21, 19971 ¡¿Duane Richard Smith filed a rule to change custody, terminate and/or re *124 duce child support. A hearing on the rule to change custody was heard on September 21, 1998 and continued until September 25, 1998. On November 6, 1998 the trial court ordered that Duane Richard Smith be designated as primary custodial parent of the minor child, Travis Smith. The order also continued Duane Richard Smith as the domiciliary custodian of the three other minor children. Notice of judgment was sent November 9, 1998. On January 13, 1999, Brenda Fall Smith filed a motion and order for devolutive appeal. The record was lodged with this court on April 15, 1999. On April 19, 1999, Duane Richard Smith filed a motion to dismiss the appeal as untimely.
La.Code Civ.P. art. 3942 states as follows:
Art. 3942. Appeal from judgment granting, or refusing annulment or divorce
A. An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A)(l)-(3).
B. Such an appeal shall suspend the execution of the judgment insofar as the judgment relates to the annulment, divorce, or any partition of community property or settlement of claims arising from the matrimonial regime.
La.Code Civ.P. art. 3943 states as follows:
Art. 3943. Appeal from judgment awarding custody, visitation, or support
An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in article 3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support.
Pursuant to these articles, appellant had thirty days after delays for filing a motion for new trial in which to timely file a motion for an appeal. In the present case, the appellant failed to file her motion for an appeal within those delays, therefore, the appeal is untimely. For these reasons, the above captioned appeals are dismissed at appellant’s cost.

APPEALS DISMISSED.